UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR07-029-MJP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | DETENTION ORDER |
| NGHIA TRONG HUYNH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Offense charged:   Conspiracy to Manufacture Marijuana; Conspiracy to Possess Marijuana with Intent to Distribute

Date of Detention Hearing:   February 6, 2007

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

1.   Defendant has been charged with the offenses of Conspiracy to Manufacture

DETENTION ORDER                                                                                               15.13
18 U.S.C. § 3142(i)                                                                                          Rev. 1/91
PAGE 1

Marijuana; Conspiracy to Possess Marijuana with Intent to Distribute. The maximum penalty of this offense is in excess of ten years. There is therefore a rebuttable presumption against defendant as to both dangerousness and flight risk, under 18 U.S. C. §3142(e).

2. Defendant is a United States citizen with strong family ties to Vietnam. Until approximately one month ago, he resided in Oklahoma. The AUSA alleges that he moved to this District for the sole purpose of beginning the marijuana grow operation that is the subject of the indictment. He is not employed in this District. Although the defendant resides in Puyallup, the AUSA proffers that the house is owned by defendant's girlfriend and that the property is subject to forfeiture in that it was allegedly one of the premises in which the grow operation was being carried out. The defendant has no other ties to this District. He has a 1998 conviction for possessing and receiving stolen property.

3. Taken as a whole, the record does not effectively rebut the presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

It is therefore ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the

Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 6th day of February, 2007.

_____
Mary Alice Theiler
United States Magistrate Judge

DETENTION ORDER
18 U.S.C. § 3142(i)
PAGE 3

15.13
Rev. 1/91